### CLIP BAR MFG. CO. v. STEEL PROTECTED CONCRETE CO.

(Circuit Court of Appeals, Third Circuit. April 18, 1914.)

#### No. 1829.

TRADE-MARKS AND TRADE-NAMES (§ 79*)—UNFAIR COMPETITION—INTERFERENCE WITH BUSINESS OF ANOTHER.

An order denying a motion for preliminary injunction to restrain defendant from notifying complainant's customers of its claim that an article made and sold by complainant infringed a patent owned by defendant, held within the discretion of the court, and affirmed.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 89, 90; Dec. Dig. § 79.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in equity by the Clip Bar Manufacturing Company against the Steel Protected Concrete Company. From an order denying a preliminary injunction, complainant appeals. Affirmed.

For opinion below, see 209 Fed. 874.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. H. Fairbanks, of Philadelphia, Pa., for appellant.

Joseph C. Fraley, of Philadelphia, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. A motion was made to dismiss this appeal, but (as we think the decree should be affirmed) we need not consider the ground on which the motion is based.

The facts of the dispute appear with sufficient fullness in the satisfactory opinion of the District Court. Clip, etc., Co. v. Steel, etc., Co., 209 Fed. 874. The Concrete Company seems to have been acting strictly within its legal rights, so that the only question for consideration now is whether the court below exercised its discretion properly in refusing a preliminary injunction. An examination of the record discloses no good reason for criticism, and leads us to conclude that the decree complained of should be sustained. As appears from Judge Thompson's opinion, the injunction was refused upon the following grounds:

"It nowhere appears on the record that the notices given to the plaintiff's customers were not in good faith, or that they were false or malicious, or for the purpose of destroying the business of the plaintiff. To the contrary, the defendant, so far as appears, believing its claims to be valid, has proceeded to bring suit in this district to establish infringement. Under these circumstances, it must be held for the purposes of the present motion that the defendant is acting within its rights."

The motion to dismiss is refused, and the decree is affirmed.