WALLERSTEIN et al. v. CHRISTIAN FEIGENSPAN, Inc.

(Circuit Court of Appeals, Third Circuit. June 8, 1914.)

No. 1844.

1. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—EFFECT OF PREVIOUS ADJUDICATION.

In the interest of uniformity of decision among the circuits, it is desirable to give much weight to the decision of a co-ordinate court as to the validity of a patent, especially on a motion for a preliminary injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PROCESS OF TREATING BEER.

A preliminary injunction directed against infringement of the Wallerstein patents No. 995,820, for beer and method of preparing same, and No. 995,824, for method of treating beer or ale, on a prior decision in another circuit sustaining the patents.

Appeal from the District Court, of the United States for the District of New Jersey; John Rellstab, Judge.

Suit by Max Wallerstein and Leo Wallerstein against Christian Feigenspan, Incorporated. From an order denying a motion for preliminary injunction, complainants appeal. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James Q. Rice, of New York City, for appellants.

Herbert H. Dyke, of Newark, N. J., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. This was a suit on patents Nos. 995,820, and 995,824, granted in June, 1911, to Leo Wallerstein for improvements in beer and in methods of preparing beer and ale. A preliminary injunction was refused, and the present appeal was taken from that ruling.

[1, 2] If we were confined to the evidence that was before the learned judge when the injunction was refused, we should probably be indisposed to disturb his order; a large discretion must always be permitted to a court of first instance in passing upon such an application. But the situation has recently changed. A few days ago the Court of Appeals of the Second Circuit sustained the two patents, affirming the decision of Judge Veeder in a contested litigation (see the opinions reported in 215 Fed. 915, 132 C. C. A. 153), and of course we are at liberty to take notice of this new fact. In the interest of uniformity of decision among the circuits, we think it desirable to give much weight to the decision of a co-ordinate court, especially at this preliminary stage. It is true that a decree in one suit cannot bind the parties in another, and that new evidence may properly lead to a different conclusion in the second proceeding. Moreover, difference of opinion between two co-ordinate courts cannot always be avoided, even on substantially the same evidence, but so far as possible we think they should endeavor to act in harmony. (Our recent decision in Clip Bar Co. v. Steel, etc., Co., 213 Fed. 223, 129 C. C. A. 567, presented a different question from that now before us.) After a case reaches final hearing, its aspect may differ materially from the aspect presented in an earlier controversy on the same subject between other parties, and of course every court is bound to act on the evidence that is actually laid before itself. And the same statement concerning the differing aspect of two cases may be true even in the beginning of a litigation, although it is not so likely to be true. In the present case we think the new evidence presented to the district court of New Jersey and to this court does not yet furnish sufficient ground to overcome the prima facie correctness of the decision on appeal in the Second Circuit. We express no opinion on any of the questions that may ultimately become important in the suit before us; we confine ourselves to accepting for the present the decision in the Second Circuit. For the present, also, the countervailing case presented by the defendant's affidavits seems to be inadequate.

The order appealed from is therefore reversed, with instructions to the district court to enter a preliminary injunction upon such terms as to security, etc., as may seem advisable.